UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Case No.

CHRISTIAN TAGLIABUE,

                      Plaintiff,  **COMPLAINT**

          - against -

NCM BLUEGRASS LLC D/B/A NETCOST MARKET,  **PLAINTIFF DEMANDS**
And ANYAR GULYAMOV  **A TRIAL BY JURY**

                  Defendants.

------------------------------------------------------------------------X

Plaintiff, CHRISTIAN TAGLIABUE, by and through his attorneys, the MOSHES LAW, P.C., hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-502(a), et seq. ("NYCHRL") and seeks damages to redress the injuries Plaintiff has suffered in **<u>Retaliation</u>** for making a complaint.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Plaintiff resides within the Eastern District of New York, and the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated December 15, 2022 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff CHRISTIAN TAGLIABUE ("TAGLIABUE") was a resident of the State of New York and the County of KINGS.

9. That at all times relevant hereto, Defendant NCM BLUEGRASS LLC d/b/a NETCOST MARKET. ("NCM") was a foreign professional corporation, duly existing pursuant to, and by virtue of, the laws of the State of Pennsylvania, with its principal place of business located at 626 Sheepshead Bay Rd. Suite 740, Brooklyn, NY 11224.

10. Defendant ANYAR GULIYAMOV ("ANYAR") was store manager of Defendant NCM at at 2257 E16th street Brooklyn NY 11229.

11. Defendants NCM and ANYAR are to be referred to as "Defendants".

## MATERIAL FACTS

12. In or about October 2017, Plaintiff TAGLIABUE began working for Defendants as a "Dairy Department Associate" at Defendant's store, located at 2257 E16th street Brooklyn NY 11229 , earning approximately $15.00 per hour.

13. To Plaintiff's knowledge and belief, he was the only person at Defendants store that was

of an American national origin. All others were either of Eastern European or Latin American descent

14. Starting on or around June 2022, Plaintiff's co-worker, Alan, who was of Mexican descent, began to harass Plaintiff daily. He would call Plaintiff "American Garbage". On or around June 17, 2022, Alan would cough in his face, and state "I hope you die" in Spanish. When Plaintiff informed Alan he would report his conduct, Alan told Plaintiff he would have Plaintiff killed.

15. Additionally, Plaintiff would receive more assignments and no support from the Dairy manager in regards to Dairy assignments compared to all other workers at the store, whom received support from the Dairy manager and easier assignments.

16. From on or about October 21, 2022 to November 2, 2022, Defendant ANYAR went on vacation. During this time, the harassment would ramp up, from Alan, who continuously mocked him and called him "American Garbage". Alex, the dairy manager, who was of Russian descent, would single out Plaintiff for mistakes Alex himself committed.

17. On or about October 27, 2022. Plaintiff would send a text to Defendant ANYAR regarding the above events. Defendant ANYAR would tell him the message was forwarded to Human Resources, and that there would be an investigation.

18. However, when Plaintiff was called into Defendant ANYAR's office on November 2, 2022, he would instead be told without a chance to present evidence that his claims were false. He was told that for making the complaint, Plaintiff was terminated immediately.

19. Based upon the close temporal proximity between Plaintiff TAGLIABUE's complaint and his termination, as well as the aforementioned suspicious actions, it is clear that Defendants terminated the employment of Plaintiff TAGLIABUE solely due complaint regarding

discrimination based on national origin.

20. Plaintiff TAGLIABUE felt offended, disturbed, and humiliated by the retaliatory termination.

21. But for the fact that Plaintiff TAGLIABUE made his complaint on October 27, 2022, Defendants would not have terminated his employment.

22. Plaintiff TAGLIABUE's performance was, upon information and belief, satisfactory during the course of her employment with Defendants.

23. Plaintiff TAGLIABUE has been retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

24. Defendants' actions and conduct were intentional and intended to harm Plaintiff TAGLIABUE.

25. As a result of the acts and conduct complained of herein, Plaintiff TAGLIABUE has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff TAGLIABUE has also suffered future pecuniary losses, emotional pain, suffering, and inconvenience.

## AS A FIRST CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

26. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

27. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e-3 (a), providing that it is an unlawful employment practice for a person covered by the Act to discriminate against an individual "because he has opposed an unlawful employment practice by this title, or because he made

a charge….or participated in any manner in an investigation…under this title."

28. Plaintiff made a complaint of discrimination, and was terminated in retaliation.

29. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his making a charge of discriminatory conduct.

## AS A SECOND CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

30. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

31. Plaintiff made a complaint regarding national origin discrimination.

32. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by terminating Plaintiff's employment in retaliation for his making the complaint.

## AS A THIRD CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

33. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

34. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

35. Individual Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and

coercing the above discriminatory conduct.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

36. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

37. New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory responsibility; or

        2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

## JURY DEMAND

38. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the NYCHRL, in that Defendants retaliated against him for his complaint by terminating his employment;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
    March 15, 2023

**MOSHES LAW, P.C.**

By: <u>/s/ Oscar Alvarado</u>
Oscar Alvarado, Esq.
*Attorneys for Plaintiff*
517 Brighton Beach Ave. 2nd Floor
Brooklyn, NY 11235
(718) 504-6090
oalvarado@mosheslaw.com